### HYMAN FEGELSON v. NIAGARA FIRE INSURANCE COMPANY and Others.[1]

#### March 23, 1906.

#### Nos. 14,533—(171).

Action in the district court for Ramsey county to recover from the six defendant insurance companies on fire insurance policies issued by them respectively. The case was tried before Hallam, J., who made findings of fact and as conclusions of law found that plaintiff was not entitled to relief as against defendants Commerce Insurance Company and Allemania Fire Insurance Company, but that plaintiff was entitled to judgment against the remaining four defendants, Niagara Fire Insurance Company, La Fayette Insurance Company, Traders Insurance Company and New York Fire Insurance Company, for their respective proportions of the loss. From an order denying a motion for a new trial, defendants Niagara Fire Insurance Company and others appealed. Reversed and new trial ordered as to all defendants except the Commerce and Allemania companies.

*M. H. Boutelle* and *N. H. Chase*, for appellants.

*O'Brien & Albrecht* and *Louis R. Frankel*, for respondent Hyman Fegelson.

*Markham & Calmenson*, for respondent Commerce Insurance Company and Allemania Fire Insurance Company.

PER CURIAM.

This was an action to recover on an insurance policy. The principal issue arising on the present appeal was whether the fire was accidental or incendiary. The trial judge in his memorandum said:

> There are some suspicious circumstances surrounding this fire, and the court fully appreciates the difficulty of proving such a charge by di-

[1]Reported in 106 N. W. 1132.

rect evidence, but nevertheless such a finding must rest upon proof, and not upon suspicion.

After careful examination and consideration of the record we are satisfied that these suspicious circumstances were of so grave a character as to entitle the defendants to a new trial. It would serve no useful purpose to discuss the evidence in detail. In view of this conclusion it is undesirable to comment at length on the other questions presented by this record. The quantity of gasoline kept on the premises by the insured was very small. On the facts as presented by this record we are not prepared to hold, as a matter of law, that it was sufficient to invalidate the policy.

Order appealed from reversed, and new trial granted.

On April 3, 1906, the following order was filed:

PER CURIAM.

Ordered that the order remanding this cause be, and it is hereby, amended so as to read as follows:

Ordered that the order appealed from be, and is, reversed and a new trial granted, as to all of the defendants except the defendants Commerce Insurance Company and Allemania Fire Insurance Company, as to whom the order of the trial court is affirmed.